238

## CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Joscelyn E. Smith, III

v.

Casey Chevrolet Corp.

July 8, 2005

Case No. (Law) 38246-RW

BY JUDGE AUNDRIA D. FOSTER

This matter is before the Court on plaintiff's Motion *in Limine* in which the plaintiff requests that the Court bar defendant from mentioning Virginia's Three Percent Rule, under Va. Code § 46.2-1517. In this case, the parties dispute what the term "damages" means as applied in the Three Percent Rule. Plaintiff contends that the Three Percent Rule only applies to (1) transit damage from the manufacturer to the dealer and (2) other damages that occurred prior to the delivery, in the manufacturer's factory. On the other hand, Defendant argues that the Three Percent Rule also applies to "lot" damage. Moreover, Plaintiff also argues that the Three Percent Rule does not even apply in this litigation because neither party has mentioned it in their pleadings or raised it as an affirmative defense.

Virginia's Three Percent Rule, Code § 46.2-1571(D), requires a manufacturer to disclose to a dealer, in writing, any uncorrected or corrected damages on any new motor vehicle, that exceeds three percent of the manufacturer's suggested retail price. Va. Code Ann. § 46.2-1571(D) (2004). In effect, the Three Percent Rule acts as a shield. It allows manufacturers to not disclose up to three percent of damages. Subsection D governs the types of damages that are shielded from disclosure. New cars that are (1) "damaged in transit," from the manufacturer to the dealer, or (2) "otherwise damaged prior to delivery to the new motor vehicle dealer" are shielded from disclosure. Va. Code Ann. § 46.2-1571(D) (2004). Subsection E extends the Three Percent Rule

to dealer/customer relationships. It explains that a dealer has a duty to disclose to the customer, *"the damage or any other damage"* that exceeds three percent of the manufacturer's suggested retail price. Va. Code Ann. § 46.2-1571(E). (Emphasis added.) Should a dealer fail to disclose the damages, the buyer may seek a revocation of the buyer order. *Id.*

First, it is important to determine whether the Three Percent Rule even applies. Plaintiff argues that, since neither party is suing nor making affirmative defenses under Code § 46.2-1571, then the Three Percent Rule would not apply in this litigation. However, the utilization of Code § 46.2-1571 would not need to be referenced in Defendant's Grounds of Defense to be raised at trial because it does not constitute an affirmative defense. Rather, Defendant would be establishing that it had no legal duty to disclose three percent of any damages. With no legal duty to disclose, then this rebuts Plaintiff's claim of fraud. As such, the Three Percent Rule is not an affirmative defense, and therefore Defendant may use the Three Percent Rule at trial.

Whether the Three Percent Rule actually applies to the facts in this case is the real issue. In this case, the main dispute is over the term "other damage" as explained in Subsection E of Code § 46.2-1571. Plaintiff argues that "other damage" means "pre-delivery, factory damage" as contemplated by Subsection D. On the other hand, Defendant argues that "other damage" means "lot" damage. A plain reading of the statute indicates that the Three Percent Rule only applies to (1) transit damages and (2) pre-delivery, factory damages. The Rule does not apply to "lot" damages for various reasons. As Plaintiff points out, this Code section was enacted to establish the legal rights between Virginia dealers and automobile manufacturers. A further examination of the language in the statute indicates that the thrust or spirit of the legislation was to protect dealerships from manufacturer defects. As such, it makes sense that the scope of the damages in the Three Percent Rule would only apply to (1) transit damages and (2) pre-delivery, factory damages.

Applying the Three Percent Rule to lot damage would not be protecting the dealer from the manufacturer. Rather, it would be creating a way for dealers to not disclose damages to consumers. Moreover, absent a clear statement in the statute, the Court is not inclined to interpret the term "other damages" to mean "lot" damages. More importantly, if one examines Subsection D and Subsection E simultaneously, it becomes clear what the General Assembly meant by the term "other damages." For example, Subsection D sets forth two types of damages and classifies

them as (1) "damaged in transit" or (2) *"otherwise* damaged prior to delivery." (Emphasis added.)

In the Court's opinion, Subsection E's two classifications of damages are merely referencing the two classifications of damages set forth above in Subsection D. This is further evidenced because the General Assembly uses the same sentence structure and the word *"other"* in both circumstances. For example, the phrase *"damage or any other damage,"* as stated in Subsection E is merely a shorthand reflection from the phrase described in Subsection D as *"damaged* in transit . . . *or* . . . *other*wise *damaged* prior to delivery. (Emphasis added.)

Defendant argues that the term "other damage" somehow creates a new classification of damages. Defendant argues that this must mean "lot" damages. However, after considering the spirit of the statute, coupled with reading subsections D and E simultaneously, it appears clear that the plain language of the statute only contemplates two types of damages: (1) transit damages and (2) pre-delivery, factory damages.

For the reasons above, the Court overrules Plaintiff's Motion *in Limine* (Three Percent Rule) in part because the Plaintiff asserts that the Three Percent Rule does not apply at all. As stated above, the Three Percent Rule does apply. However, it does not apply to "lot" damages, therefore, the Court sustains that part of the Plaintiff's Motion *in Limine* and rules that the Defendant is barred from making any argument at trial that the Three Percent Rule applies to "lot" damages. The Court will allow the Three Percent Rule as it applies to transit damages and pre-delivery, factory damages.